1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   JOSE SOTO *et al.*,                    )    Civil No. 09cv2813-L(JMA)
                         Plaintiffs,        )
11                                          )    **ORDER GRANTING MOTION TO**
     v.                                     )    **DISMISS WITH LEAVE TO AMEND**
12                                          )
     FCM CORPORATION, *et al.,*             )
13                                          )
                         Defendants.        )
14   _____        )

15        This action to rescind two residential real estate loans was filed in this court based on

16   federal question jurisdiction under 28 U.S.C. Section 1331 and supplemental jurisdiction under

17   28 U.S.C. Section 1367.  Defendant Chase Home Mortgage ("Chase")[1] filed a motion to dismiss

18   pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiffs opposed.  Chase did not

19   file a reply.  For the reasons which follow, the motion is **GRANTED WITH LEAVE TO**

20   **AMEND.**

21

22        [1]    The motion was filed by "JP Morgan Chase Bank, N.A., erroneously named as
23   Chase Home Mortgage, for itself and as an acquirer of certain assets and liabilities of
     Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver."
24   (Notice of Mot. and Mot. to Dismiss Compl. at 1.)  JP Morgan Chase Bank, N.A. ("JP Morgan")
     is not a party and therefore cannot file documents in this case.  Civ. Loc. Rule 5.1(h) ("Except as
25   provided in the federal rules, or by leave of court, no document will be filed in any case by any
     person not a party thereto.").  For purposes of the pending motion only, the court proceeded on
26   the assumption that the motion was filed on behalf of Defendant Chase, because the docket
     reflects that the counsel representing JP Morgan appeared on behalf of Chase.  In the future, the
27   counsel must either reflect on the document that it is filed on behalf of a named Defendant, or, if
     counsel intends to file on behalf of JP Morgan in any capacity, JP Morgan must comply with
28   Federal Rules of Civil Procedure 25(c) or any other applicable Federal Rule of Civil Procedure
     providing for joinder of parties.

                                                                                    09cv2813

1    Plaintiffs allege that on March 25, 2005 they purchased a residence with two loans from

2 Defendant FCM Corporation ("FCM"), both of which were secured by the residence.  (Compl. at

3 2-3.)  Subsequently, FCM transferred the loan servicing rights to Defendant Washington Mutual

4 ("WaMu").  (*Id.* at 3.)  Plaintiffs thought that they were getting a fixed-rate mortgage, but the

5 mortgage had an adjustable rate.  (*Id.*)  Furthermore, monthly payments for the first 24 months

6 were for interest only.  (*Id.*)  Plaintiffs claim they did not fully understand the features of the

7 loans before they agreed to them, that FCM did not fully disclose or explain the features to them,

8 and that, as Spanish speakers, they should have received loan documents for review in Spanish,

9 but instead received only documents in English.  (*Id.* at 4.)  On July 1, 2009, the Property was

10 put up for a Trustee's sale on behalf of FCM.  (*Id.* at 3.)

11    Plaintiff filed this action alleging violations of  the Truth in Lending Act, 15 U.S.C.

12 §§ 1601 *et seq.*, the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq.*, California

13 Civil Code Section 1632 and California Business and Professions Code Sections 17200 *et seq.*,

14 as well as intentional misrepresentation and grounds to quiet title.  They requested rescission of

15 both loans, money damages and a judgment quieting title in the Property, among other things.

16    Chase filed a motion to dismiss all causes of action for failure to state a claim upon which

17 relief can be granted.  A Rule 12(b)(6) motion tests the sufficiency of the complaint.  *Navarro v.*

18 *Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6)

19 motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

20 the grounds of his entitlement to relief requires more than labels and conclusions, and a

21 formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

22 enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

23 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a

24 motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations

25 and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty*

26 *Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true

27 merely because they are cast in the form of factual allegations.  *Roberts v. Corrothers*, 812 F.2d

28 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

1    Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat

2    a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

3            Specifically, Chase contends that none of the causes of action are asserted against it.  The

4    complaint expressly alleges all causes of action only against FCM, although Chase and WaMu

5    are also named as Defendants on the caption.  (*See, e.g.,* Compl. at 4, 7, 10, 11 & 13.)  Plaintiffs

6    do not address this issue in their opposition.  Instead, they mention in passing in a conclusory

7    manner that JP Morgan took over the beneficial interest in the loan and began servicing it and

8    that there is "flow through liability to the subsequent noteholders."  (Opp'n at 2-3; *see also id.* at

9    6.)  Plaintiffs did not name JP Morgan as a Defendant and do not include these allegations and

10   theories of liability in the Complaint against either Chase or WaMu.  Because the Complaint

11   does not allege any claims against Chase, Chase's motion to dismiss is **GRANTED**.

12           In their opposition, Plaintiffs indicated their intent to amend the Complaint.  Accordingly,

13   the court must next consider whether Plaintiffs should be granted leave to amend.  *See Schreiber*

14   *Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004).  Rule 15

15   advises the court that leave to amend shall be freely given when justice so requires.  Fed. R. Civ.

16   P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v.*

17   *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation

18   omitted).

19           In the absence of any apparent or declared reason -- such as undue delay, bad faith
             or dilatory motive on the part of the movant, repeated failure to cure deficiencies
20           by amendments previously allowed, undue prejudice to the opposing party by
             virtue of allowance of the amendment, futility of amendment, etc. -- the leave
21           sought should, as the rules require, be "freely given."

22   *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Dismissal with prejudice and without leave to

23   amend is not appropriate unless it is clear that the complaint could not be saved by amendment.

24   *Id.*  Chase has not expressed any opposition to Plaintiff's intend to amend the Complaint.

25   Accordingly, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

26           It is hereby **ORDERED** as follows:

27           1.  The motion to dismiss is **GRANTED**.  All claims asserted against Defendant Chase

28   are **DISMISSED WITH LEAVE TO AMEND**.

1    2.  If Plaintiffs choose to file an amended complaint they must allege grounds of their

2  entitlement to relief, beyond mere labels and conclusions, as to each named Defendant and cause

3  of action.  The amended complaint, if any, must be filed no later than **January 27, 2010.**

4    3.  If Plaintiffs choose not to file an amended complaint, they must file a notice of intent

5  not to file an amended complaint by the same date.

6    4.  Defendants shall respond to the amended complaint, if any, within the time set forth in

7  Federal Rule of Civil Procedure 15(a)(3).

8    **IT IS SO ORDERED**.

9

10  DATED:  January 13, 2011

11  _____

12  M. James Lorenz
    United States District Court Judge

    COPY TO:

13

    HON. JAN M. ADLER
14  UNITED STATES MAGISTRATE JUDGE

15  ALL PARTIES/COUNSEL

16

17

18

19

20

21

22

23

24

25

26

27

28